WATKINS, J.
We granted alternate writs of cer-tiorari, prohibition and mandamus dated May 1, 1980, ordering the trial court to issue an injunction restraining Mrs. Katharine O. Dunham and Dunham Land, Inc., and its officers from offering for sale land owned by Dunham Land. In our decision we indicated that our reason for doing so was that the ownership of Dunham Land, Inc., was at issue in Succession of Dunham, (La.App. 1st Cir. 1980), 393 So.2d 438.
We have held in our decision rendered in Succession of Dunham, (La.App. 1st Cir. 1980), 393 So.2d 438, that Anderson-Dun-ham, Inc., is the owner of all the capital stock of Dunham Land, Inc., and that the party in favor of whom the writs were granted, Richard E. Dunham, owned no capital stock in Dunham Land, and that neither did Ted F. Dunham, Jr., his brother. As Richard E. Dunham owns no stock in Dunham Land, Inc., he cannot have standing to obtain an injunction preventing the offering for sale of land owned by Dunham Land, Inc. We recognize that Richard E. Dunham is a beneficiary of a trust which includes in its corpus stock in Anderson-Dunham, Inc., which in turn we have held is sole stockholder in Dunham Land, Inc., but, as we have stated in the companion case, Succession of Dunham, (La.App. 1st Cir. 1980), 393 So.2d 438, in a different context, we are unwilling to pierce two corporate veils, which we would be required to do if *459 we were to bar the offering of the subject land for sale.
The writs and injunction are dissolved, all costs to be paid by Richard E. Dunham.
WRITS DISSOLVED.